**Jimmy Lee SMITH, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Respondent-Appellee.**

**No. 84–3448.**

United States Circuit Court, Eleventh Circuit.

July 12, 1984.

Sarah M. Bleakley, Tallahassee, Fla., Gregg D. Thomas, Tampa, Fla., for petitioner-appellant.

John Tiedemann, Asst. Atty. Gen. of Florida, Tallahassee, Fla., for respondent-appellee.

Before TJOFLAT, KRAVITCH and HENDERSON, Circuit Judges.

BY THE COURT:

This case is before the court on petitioner's application for a certificate of probable cause and, if we grant the certificate, a stay of execution pending the disposition of petitioner's appeal.

Petitioner was scheduled for execution at 7:00 A.M. today; late yesterday, we stayed his execution so that we could hear argument of counsel this morning as to whether petitioner should be granted a certificate of probable cause and stay pending appeal. We have now heard that argument and conclude that a certificate of probable cause and stay should issue.

A certificate of probable cause must issue in a habeas corpus case if the petitioner has made "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, —— U.S. ——, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (citations omitted).

In this case, the record demonstrates that petitioner has made a substantial showing that he was denied his sixth and fourteenth amendments right to the effective assistance of counsel at trial.

The district court, in considering the habeas petition yesterday, indicated that it was considerably troubled by petitioner's ineffective assistance of counsel claim, especially in view of the fact that the state courts have never held an evidentiary hearing on the claim and the historical facts germane to the claim have never been established. Nonetheless, the district court refused to hold an evidentiary hearing to develop the true factual setting in which this claim must be judged.

A strong argument can be made that one aspect of this claim in particular cannot be resolved without an evidentiary hearing in the district court. This aspect concerns the validity of petitioner's confessions made in the absence of and without notice to counsel after petitioner was charged with murder and counsel's failure to argue the point in the trial court.

In our view petitioner should have the right to present the merits of this question and the need for an evidentiary hearing to a panel of this court in a regular appeal.

In granting this certificate of probable cause and stay pending appeal, we intimate no view whatever as to the appropriate final disposition on appeal of petitioner's ineffective assistance of counsel claim or of any of the other claims he has presented.

A CERTIFICATE OF PROBABLE CAUSE IS GRANTED; PETITIONER'S EXECUTION IS STAYED PENDING THE DISPOSITION OF HIS APPEAL OR UNTIL FURTHER ORDER OF THE COURT.